IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00391-JPG-DGW |
| ) | |
| K&S ASSOCIATES, INC. AND ) | |
| EDWARDSVILLE COMMUNITY UNIT ) | |
| SCHOOL DISTRICT NO. 7, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on Motion (Doc. 20) of Defendant/Counterclaim Cross Claim Plaintiff K&S Associates, Inc. (hereafter "K&S") to Dismiss those Portions of All Counts Seeking Declaration as to the Duty to Indemnify as Premature.  Plaintiff, Cincinnati Insurance Company, filed a Response (Doc. 47) in Opposition.

1. **Background**.

Plaintiff, Cincinnati Insurance Company, brings a Complaint for Declaratory Judgment requesting a determination of the rights and obligations between the Plaintiff and the Defendant, K&S Associates, Inc., pertaining to ligation filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (*Edwardsville Community Unit School District No. 7 v. K&S Associates, Inc. and SafeCo Insurance Company of America*, 11-L-763, July 13, 2012)(hereafter referred to as "underlying litigation").  The Declaratory Judgment also requests that the Court determine whether Plaintiff has a duty, or obligation, under the policies in questions to defend or indemnify K&S with respect to the claims asserted in the Underlying Litigation.

K&S is arguing that, "[a] determination of the duty to indemnify is not ripe and, therefore, Plaintiff's request for such determination in all counts should be dismissed." (Doc. 21,

pg 2). K&S bases this argument on the fact that the underlying suit has not been resolved and is still pending in state court. As such, K&S argues that, "…there are issues that remain to be decided in the Underlying Litigation that are substantially similar to issues that would need to be decided in connection with Plaintiff's request for a declaration regarding the duty to indemnify." (Doc. 21, pg 4).

2. **Standard.**

"The insureds contend that any determination concerning the insurer's duty to indemnify would be premature at this point in time because liability in the Dependable action has not yet been resolved. Both the circuit and appellate courts agreed with this contention. It is true that this court has stated this principle before. This principle, however, is only operative in cases where the court has determined that the insurer's duty to defend its insured has arisen." *Crum and Forster Managers Corp. v. Resolution Trust Corporation*, 156 Ill.2d 384, 397-398 (1993)(citations omitted.)

3. **Analysis**

In this matter, the Court has not made a determination the insurer's duty to defend its insured has arisen and as such, the issue of the insurer's duty to indemnify is not premature at this point.

Therefore, Motion (Doc. 20) of Defendant/Counterclaim Cross Claim Plaintiff K&S Associates, Inc. to Dismiss those Portions of All Counts Seeking Declaration as to the Duty to Indemnify as Premature is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:  1/15/2015        s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**